IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES WILSON, # M-25838,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 15-cv-1035-NJR |
| | ) |
| **DANA DARNOLD,** | ) |
| **RYAN R. ERICKSON,** | ) |
| **OFFICER HARGETT,** | ) |
| **and OFFICER OSWALT,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, currently incarcerated at Danville Correctional Center ("Danville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Lawrence Correctional Center ("Lawrence"). According to the complaint, the three correctional officer Defendants assaulted Plaintiff, and Defendant Darnold failed to provide him with medical attention for his injuries. This case is now before the Court for an initial merits review pursuant to 28 U.S.C. § 1915A.

Plaintiff was housed in the segregation unit at Lawrence during the events that gave rise to this lawsuit. On or about October 7, 2013, Plaintiff was returning to his cell from the segregation yard. His hands were cuffed behind his back. Plaintiff passed by another inmate's cell, and he stopped to retrieve an authorized magazine that belonged to him (Doc. 1, pp. 6-7). Defendant Officer Hargett observed Plaintiff retrieving the magazine and ordered Plaintiff to turn it over to him. Plaintiff refused, saying the magazine was his property.

Defendants Oswalt and Erickson then demanded the magazine, stating it was contraband.

Plaintiff again refused to give it up and protested that the magazine was authorized. Defendant Oswalt grabbed Plaintiff and slammed him to the ground, striking his head on the floor. Defendant Erickson got on top of Plaintiff and bent Plaintiff's leg toward his head, ignoring his cries of pain. Defendant Hargett twisted Plaintiff's wrist almost to the breaking point. The officers lifted Plaintiff from the floor and took him to the shower/holding area. While they walked, Defendant Erickson pulled Plaintiff's dreadlocks so hard that chunks of hair came out, causing him severe pain for days afterwards. At the shower/holding area, Defendant Erickson slammed Plaintiff's head against a shower cabinet.

Plaintiff asked these Defendants for medical attention, telling them he was dizzy, light-headed, and had a headache, as well as a lump on his forehead. They refused to get medical care for him.

Following this incident with Defendants Erickson, Hargett, and Oswalt, Defendant Nurse Darnold came to the segregation unit, where Plaintiff observed her having a "flirting" conversation with an unknown officer. After some minutes passed, Plaintiff told Defendant Darnold that she needed to do her job, and Plaintiff was going to report her to her supervisor (Doc. 1, p. 10). He told her that he had a painful headache, had a bump on his head, and was light-headed and dizzy. Defendant Darnold responded that he would have to wait 24 hours before she would give him any treatment. She returned to her conversation. She never followed up on Plaintiff's request for treatment, nor did any other health care staff respond to his requests.

Shortly before filing this action, Plaintiff learned that he has brain damage that affects his vision (Doc. 1, p. 8).

Based on these facts, Plaintiff brings claims of excessive force against Defendants Erickson, Hargett, and Oswalt. He asserts that Defendant Darnold retaliated against him and

failed to provide necessary medical attention. He seeks injunctive relief to require the Illinois Department of Corrections to provide him with diagnostic tests regarding his brain trauma (Doc. 1, p. 12). He also requests damages for the violations of his constitutional rights.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

>**Count 1:**  Eighth Amendment claim against Defendants Erickson, Hargett, and Oswalt, for using excessive force against Plaintiff after the magazine incident on or about October 7, 2013;
>
>**Count 2:**  Eighth Amendment deliberate indifference to medical needs claim against Defendants Erickson, Hargett, and Oswalt, for refusing Plaintiff's request for treatment of his injuries arising from the beating referenced in Count 1;
>
>**Count 3:**  First Amendment retaliation claim against Defendant Darnold, for refusing to examine or treat Plaintiff's injuries after he threatened to report her to her supervisor;
>
>**Count 4:**  Eighth Amendment deliberate indifference to medical needs claim against Defendant Darnold, for failing to examine or treat Plaintiff after he reported his symptoms and requested medical assistance.

Based upon the Court's preliminary review, each of the above claims may proceed for further consideration.

**Count 1 – Excessive Force**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983.  *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).  An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action."  *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

According to Plaintiff's description of the events after he was ordered to hand over his

magazine, the force used against him by Defendants Erickson, Hargett, and Oswalt would seem to be excessive.  **Count 1** may therefore proceed against these Defendants.

**Count 2 – Deliberate Indifference to Medical Needs – Correctional Officers**

While Defendants Erickson, Hargett, and Oswalt are not medical providers, the Seventh Circuit has held that a guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996).  Moreover, after these Defendants ceased their use of force against him, Plaintiff told them about his symptoms and asked them to summon medical assistance for him.  They did not do so.  These facts provide a foundation for a claim for deliberate indifference to Plaintiff's need for medical care, even though Plaintiff did not assert such a claim in his complaint.  Accordingly, **Count 2** against Defendants Erickson, Hargett, and Oswalt shall also proceed for further review.

**Count 3 – Retaliation**

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Plaintiff's comment to Defendant Darnold that he would complain to her supervisor if she did not do her job falls within that category of protected activity.  To plead a retaliation claim, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Naming the protected activity and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.*

Plaintiff complains that he experienced an adverse action (Defendant Darnold's refusal to give him any medical attention for 24 hours) that would likely deter First Amendment activity in the future. He alleges that his protected First Amendment activity of threatening to report her to a supervisor motivated her denial of immediate medical care. This is sufficient to state a retaliation claim at the pleading stage. *See Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).

**Count 3** against Defendant Darnold shall proceed for further review.

### Count 4 – Deliberate Indifference to Medical Needs – Nurse

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

According to Plaintiff, he told Defendant Darnold that he had a headache, a bump on his head, and was experiencing dizziness and light-headedness. All these symptoms occurred right

after he sustained two serious blows to the head. These facts suggest that Plaintiff had a potentially serious medical need for examination and/or treatment for the head injury and for his pain. Defendant Darnold, however, refused to offer any immediate assistance. Furthermore, she failed to follow up to Plaintiff's request for medical care even after the 24 hours had passed. At this stage, Plaintiff's deliberate indifference claim in **Count 4** against Defendant Darnold merits further review.

**Disposition**

The Clerk of Court shall prepare for Defendants **DARNOLD, ERICKSON, HARGETT,** and **OSWALT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is

entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 15, 2015**

*(signature)*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**